UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL T. LINDSAY, JR. AND JOYCELYN BUTLER, INDIVIDUALLY AND ON BEHALF OF THE DECEDENT, EARL T. LINDSAY | CIVIL ACTION |
| VERSUS | NO. 17-6758 |
| PORTS AMERICA GULFPORT, INC., ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court are three motions: intervenor plaintiffs Reginald Rivers and Mosi Makori's motion to dismiss intervenor defendant Industrial Development Corporation of South Africa, Limited ("IDC") with prejudice under Federal Rule of Civil Procedure 41(a),[1] IDC's motion to dismiss under Rule 12(b)(6),[2] and plaintiffs Earl T. Lindsay, Jr. and Joycelyn Butler's motion to remand.[3] For the following reasons, the Court GRANTS intervenor plaintiffs' motion to dismiss and plaintiffs' motion to remand. The Court DENIES IDC's motion to dismiss as moot.

## I. BACKGROUND

This case, now twice removed to this Court, arises out of decedent Earl T. Lindsay's occupational exposure to asbestos and contraction of lung cancer.[4] Plaintiffs filed suit in the Civil District Court for the Parish of Orleans against a number of defendants,

---

[1] R. Doc. 7.
[2] R. Doc. 8.
[3] R. Doc. 6.
[4] R. Doc. 1-4.

including IDC, on February 17, 2016.[5] One day later, plaintiffs filed a motion to dismiss all claims asserted against IDC with prejudice.[6] Before the Civil District Court granted this motion, defendant Cooper/T. Smith Stevedoring Company, Inc. filed a third-party demand seeking contribution and/or indemnification from IDC.[7] IDC removed the entire case to this Court.[8] This Court granted IDC's motion to dismiss with prejudice and remanded the action to state court. *Lindsay v. Ports Am. Gulfport, Inc.*, No. 16-3054, 2016 WL 6821958 (E.D. La. Nov. 18, 2016).

On remand, Rivers and Makori intervened as plaintiffs and reasserted all claims against defendants, including IDC, contained in the original state court complaint.[9] Intervenor plaintiffs moved to dismiss its claim for penalties and attorneys' fees against IDC without prejudice, which the Civil District Court granted on May 23, 2017.[10] IDC again removed the entire action to this Court on July 14, 2017.[11] Plaintiffs, intervenor plaintiffs, and IDC appear to agree that the claims against IDC should be dismissed with prejudice and that the action should be remanded.

## II. DISCUSSION

### A. Dismissal of Claims Against IDC

Rule 41(a) permits a plaintiff to dismiss an action "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). A

---

[5] *Id.*
[6] *Id.* at 46.
[7] *Id.* at 47.
[8] R. Doc. 1-5.
[9] R. Doc. 1-2.
[10] R. Doc. 8-8.
[11] R. Doc. 8.

"plaintiff is entitled to a dismissal against one defendant under Rule 41(a), even though the action against another defendant would remain pending." *Plains Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973). It is undisputed that IDC has filed neither an answer nor a motion for summary judgment since being named as an intervenor defendant.[12] Moreover, IDC also moves for its dismissal from this action. Thus, intervenor plaintiffs are entitled to dismiss their claims against IDC with prejudice.[13]

B. **Remand**

As the Court found the first time IDC removed this action, IDC's status as an agency or instrumentality of South Africa was the only potential basis for jurisdiction in federal court.[14] The remainder of this case involves state law tort claims against various defendants. While the Court could exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(a), as before the Court will decline to do so based on the statutory factors of 28 U.S.C. § 1367(c) and common law factors.

Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has

---

[12] R. Doc. 7-1 at 1-2; R. Doc. 8-1 at 1.
[13] Because intervenor plaintiffs have voluntarily dismissed their claims against IDC, the Court need not address IDC's motion to dismiss.
[14] R. Doc. 1-1.

3

dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The language of Section 1367(c) and case law makes clear that this is not a balancing test; any one of the four factors is independently sufficient to justify declining supplemental jurisdiction. *See* 13D Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3567.3 (3d ed.). The Supreme Court has given further guidance, instructing federal courts to consider and weigh the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction over pendent state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

District courts have "wide discretion" to decline to exercise supplemental jurisdiction over state law claims once all federal claims have been dismissed. *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). Additionally, the Supreme Court has noted that when the federal claims are eliminated before trial, the *Carnegie-Mellon* factors will normally "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.

Here, the Section 1367(c) and *Carnegie-Mellon* factors weigh in favor of declining to exercise supplemental jurisdiction. As for the Section 1367(c) factors, intervenor plaintiffs have dismissed their claims against IDC, which were the only arguable basis for original federal jurisdiction. Additionally, all of the remaining claims are state law claims, so state law claims clearly predominate. Furthermore, the *Carnegie-Mellon* factors also suggest that declining to exercise supplemental jurisdiction is appropriate. This Court has invested little time or resources in adjudicating this case, and judicial economy will not be compromised if the case is remanded. Finally, none of the parties asserts that

4

litigating this action in Louisiana state court would be unfair or inconvenient. Therefore, the Court declines to exercise supplemental jurisdiction over the remainder of this case.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS intervenor plaintiffs' motion to dismiss and plaintiffs' motion to remand. The Court DENIES IDC's motion to dismiss as moot. Intervenor plaintiffs' claims against IDC are DISMISSED WITH PREJUDICE. The remaining claims are remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __18th__ day of September, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE